**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JENY LETICIA SOTO DUENOS #A099-672-392** | **CASE NO.  6:26-CV-00869 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by Petitioner Jeny Leticia Soto Duenos ("Duenos"), an immigration detainee at the  South Louisiana ICE Processing Center in Basile, Louisiana.  Duenos challenges the legality of her detention.

Because Duenos is now in post-removal order detention, the PETITION [Doc. 1] should be DENIED and DISMISSED without prejudice.

### I.      Background

On or about June 18, 2019, Duenos applied for admission at the Port of Entry in Brownsville, Texas.  [Doc. 13-1 at 1].  She was arrested and issued a Notice to Appear pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA").  On June 21, 2019, Enforcement and Removal Operations ("ERO") released Duenos on parole.  [*Id.*].

On April 22, 2022, Duenos filed an I-589, Application for Asylum and for Withholding of Removal.  [*Id.*].

On December 3, 2025, ICE ERO Miami encountered Duenos in Pensacola, Florida, after being notified of her arrest for two counts of Neglect Child: Neglect with Great Bodily Harm by the Okaloosa County police department. [*Id.*].   ERO lodged an Immigration Detainer. [*Id.*].  Duenos has been in ICE custody since December 5, 2025.  [*Id.*].

1

According to the Executive Office for Immigration Review ("EOIR"), an immigration judge ordered removal on April 20, 2026.[1]  Duenos did not appeal.  [*Id.*].

## II.      Law and Analysis

Duenos's order of removal became administratively final on May 20, 2026, when the time within which to appeal expired.  *See* 8 C.F.R. § 1241.1(c).  She is now detained under 8 U.S.C. § 1231.  Therefore, to the extent Duenos challenges her pre-removal order detention, her claim is moot.  *See Nyabwa v. Dep't of Homeland Sec. Immigration & Customs Enf't Field Office Dir.,* 537 F. App'x 451 (5th Cir. 2013) ("Because Nyabwa is no longer subject to the detention he challenged in his application [pre-removal order detention], his appeal of the district court's dismissal is moot.") (citing *Oyelude v. Chertoff*, 170 F. App'x 366, 368 (5th Cir. 2006)).

When an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (the "removal period").  *See* 8 U.S.C. § 1231(a)(1)(A).  Since Duenos's removal order became final on May 20, 2026, she is within the 90-day removal period, and her detention is authorized and mandatory.

## III.     Conclusion

Because Duenos is no longer in pre-removal order detention, and she is lawfully detained under § 1231, IT IS RECOMMENDED that the PETITION [Doc. 1] be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of

---

[1] https://acis.eoir.justice.gov/en/caseInformation

service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 26th day of May, 2026.

David J. Ayo
United States Magistrate Judge